## Liquor Distributors and Importing Distributors

KANE, Attorney General, ANDERSON, Deputy Attorney General, and YAKOWICZ, Solicitor General, September 1, 1977. — You have requested our opinion as to whether a citation may be issued against a "distributor" of malt or brewed beverages for making a purchase of such products manufactured out-of-State from an "importing distributor" when the distributor is not located within the geographical area for which the importing distributor has been given distributing rights by the out-of-State manufacturer. It is our opinion, and you are advised, that the board may issue citations against distributors making such purchases.

The applicable provisions are found in section 431(b) of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 P. S. § 4-431(b), as follows:

"Except as hereinafter provided, such license

shall authorize the holder thereof to sell or deliver malt or brewed beverages in quantities above specified anywhere within the Commonwealth of Pennsylvania, which, in the case of distributors, have been purchased only from persons licensed under this act as manufacturers or importing distributors, and in the case of importing distributors, have been purchased from manufacturers or persons outside this Commonwealth engaged in the legal sale of malt or brewed beverages or from manufacturers or importing distributors licensed under this article.

"Each out-of-State manufacturer of malt or brewed beverages whose products are sold and delivered in this Commonwealth shall give distributing rights for such products in designated geographical areas to specific importing distributors, *and such importing distributor shall not sell or deliver malt or brewed beverages* manufactured by the out-of-State manufacturer to any person issued a license under the provisions of this act *whose licensed premises are not located within the geographical area for which he has been given distributing rights by such manufacturer* . . ." (Emphasis supplied.)

It is further provided in section 441(e) of the Liquor Code, 47 P. S. § 4-441(e):

"(e) No distributor or importing distributor shall purchase, sell, resell, receive or deliver any malt or brewed beverages, except in strict compliance with the provisions of subsection (b) of section 431 of this act."

Under section 431(b), a distributor is authorized to purchase malt or brewed beverages only from Pennsylvania manufacturers and importing distributors. Importing distributors may purchase

such beverages from manufacturers and other persons out-of-State as well as from manufacturers and importing distributors in the State. In the case of out-of-State manufacturers, importing distributors are prohibited from selling their beverages to anyone whose licensed premises are outside the geographical area designated for such importing distributor by the out-of-State manufacturer.

Your question relates to a case where an importing distributor illegally sells to a distributor whose licensed premises are not located within the geographical area designated for the importing distributor by the out-of-State manufacturer. In such a case, is the *distributor* in violation of the law and may he be cited by the board?

Under the precise language of section 431(b), it is the importing distributor who is prohibited from selling to such distributor, but there is no equivalent language prohibiting the distributor from making the purchase. The distributor is limited to making purchases from licensed Pennsylvania manufacturers and importing distributors but he is not restricted by that section to any geographical area.

Section 441(e) quoted above, however, provides, in pertinent part, that "[n]o distributor. . .shall purchase. . .receive. . .any malt or brewed beverages except in strict compliance with the provisions of subsection (b) of section 431 of this act." This clearly indicates a legislative intent that section 431(b) shall be strictly complied with and that a distributor, in particular, shall not purchase or receive malt or brewed beverages in circumstances wherein section 431(b) is violated. Thus, although section 431(b) does not itself contain

language that would declare the purchaser in violation of the act when the importing distributor sells beverages to someone whose licensed premises are outside his geographical area, section 441(e) makes such purchase by a distributor unlawful.

While it can be argued that section 441(e), calling for strict compliance with section 431(b), was merely intended to emphasize that section 431(b) means what it says, such an interpretation would not add anything to what the language of 431(b) had already said and its inclusion in the Liquor Code would be meaningless. The Statutory Construction Act requires that every statute shall be construed, if possible, to give effect to all its provisions: 1 Pa. C. S. A. § 1921.

It has been suggested that the result we have reached here would require a distributor to know the contents of the agreement between the importing distributor and the out-of-State manufacturer and this would impose upon him an unreasonable burden. On the other hand, the importing distributor is in a position to protect himself since Liquor Control Board regulations require that all persons transporting malt or brewed beverages under the authority of a license or permit issued by the board shall have painted or affixed on each side of the vehicle(s) used, their names, addresses and license numbers in letters no smaller than four inches in height: 40 Pa. Code § 9.21. In this manner, the importing distributor has readily available to him the information required to determine if the distributor to whom he sells malt or brewed beverages is located outside the area assigned to him by an out-of-State manufacturer.

When the distributor comes to the importing distributor's place of business, the importing distributor can determine the location of the distributor's licensed premises by reading the letters on either side of the distributor's truck.

We agree that the distributor who comes to the importing distributor's place of business is required to know the contents of the importing distributor's agreement with the out-of-State manufacturer if he is to protect himself. This means that he must request the importing distributor to show him the agreement and should the importing distributor fail to do so, he will have to refrain from making the purchase and go elsewhere. This situation would be relieved considerably, however, if the board were to promulgate a regulation, under its general regulatory power, requiring importing distributors to post in a conspicuous place on their licensed premises a schedule of the territorial restrictions placed upon them by the various out-of-State manufacturers with whom they have agreements giving them distributing rights. The regulation should also require copies of all such agreements to be filed with the board. These requirements, however, would not thereby relieve importing distributors of the responsibility to assure that the distributors' licensed premises are not outside their territory.

In conclusion, it is our opinion, and you are advised, that under the Liquor Code, the *purchase* from an importing distributor by a distributor whose licensed premises are outside the importing distributor's area as designated by the out-of-State manufacturer, is unlawful as well as the *sale* by the importing distributor. It is suggested that the

board promulgate regulations requiring the importing distributors to post a schedule of their territorial limits in a conspicuous place at their business premises and to file copies of their agreements with out-of-State manufacturers with the board in order that distributors are better able to protect themselves from such violations of the act.*

In view of the fact that the absence of regulations requiring notice to distributors may present doubts as to the constitutional validity of criminal convictions of distributors, it is suggested that prosecutions against distributors for violations of section 431(b) that are presently pending, be withdrawn and that no further prosecutions be brought against distributors for such violations until the recommended regulations have been adopted and are in effect.

---

*The same reasoning applies to the situation where a secondary importing distributor buys beverages manufactured out-of-State from a primary importing distributor and then sells to a distributor. In such a case, the board regulation should require the secondary importing distributor to post the territorial limits that were given to the primary importing distributor by the out-of-State manufacturer. See Commonwealth of Pennsylvania Liquor Control Board v. Starr, 13 Pa. Commonwealth Ct. 415, 318 A. 2d 763 (1974) aff'd. per curiam, 462 Pa. 124, 337 A. 2d 914 (1975). Also, in the event that the secondary importing distributor's licensed premises are outside the primary importing distributor's territory, the secondary importing distributor is liable to prosecution for violating section 431(b) as is the primary importing distributor.